DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZAMBEZI ANN, LLC, DR. MEGAN DAVIS,** and **ROY H. DAVIS,**
Appellants,

v.

**SUSAN D. DEPPERT,**
Appellee.

No. 4D2025-2406

[June 24, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert L. Pegg, Judge; L.T. Case No. 562020CA001850AXXXHC.

Allison Levey Friedman of Allison L. Friedman, P.A., Aventura, for appellants.

Robert Summers of McCarthy, Summers, Wood, Norman, Melby, Schultz, Wood & VanValkenburgh P.A., Stuart, for appellee.

PER CURIAM.

Zambezi Ann, LLC, Dr. Megan Davis, and Roy H. Davis appeal the circuit court's order granting Susan Deppert's motion for judgment on the pleadings pursuant to Florida Rule of Civil Procedure 1.140(c). Given that the pleadings were not closed, we reverse.

This appeal arises from the residential sales contract at issue in case number 4D2025-0695. Susan D. Deppert, Columbus574 LLC, and Columbus574's manager, Dr. Megan Davis, executed a residential sales contract for the sale of a home in St. Lucie County, Florida. When issues surrounding the sale arose, Deppert successfully sued the Appellants for specific performance, which ultimately resulted in the transfer of the home and an award of supplemental damages and attorney fees.[1]

---

[1] We address some of those damages in our opinion issued in appeal number 4D2025-0695.

Deppert sought to initiate proceedings supplementary under section 56.29, Florida Statutes (2025), alleging that the parties had fraudulently transferred assets to prevent Deppert from collecting on her judgment. As such, Deppert filed a motion for proceedings supplementary and for issuance of notices to appear. That same day, Deppert filed an affidavit attesting that she had an unsatisfied judgment. After an evidentiary hearing, the circuit court entered judgment on the pleadings in her favor.

On appeal, the Appellants raise multiple issues. Our resolution of the first issue renders the remaining issues moot. Florida Rule of Civil Procedure 1.140(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed, but within such time as not to delay trial." Fla. R. Civ. P. 1.140(c). Here, as Appellants argued at the hearing, the pleadings were not closed. *See* Fla. R. Civ. P. 1.100(a) (delineating an exhaustive list of what constitutes a "pleading").

We reverse and remand for further proceedings. Our reversal renders all other issues moot. On remand, we caution the parties to comply with section 56.29's requirements and safeguards.

*Reversed and remanded.*

KUNTZ, C.J., LEVINE and SHAW, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**